IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-66,865-01






IN RE CINDY STORMER





ON PETITION FOR WRIT OF MANDAMUS


IN CAUSE NO. 06-202 FROM THE


235
TH DISTRICT COURT OF COOKE COUNTY





Per Curiam.


ORDER 



 This is a petition for writ of mandamus filed by Cindy Stormer, the District Attorney
of Cooke County. Relator seeks relief from an order of the 235th District Court of Cooke
County ordering discovery under the provisions of article 39.14 of the Texas Code of Criminal
Procedure, in Cause Number 06-202, State of Texas v. Herman Dewayne Williams.

 Relator contends that Respondent, the Honorable Janelle Haverkamp, Presiding Judge
of the 235th District Court, has exceeded her authority under article 39.14 in three specific
ways. First, Relator asserts that the defendant, Herman Dewayne Williams, has not shown
"good cause," which is explicitly required by the statute, before the trial court may exercise
its authority to order the State to produce and allow inspection of material evidence in a
criminal case. Second, Relator complains that the trial court ordered production of discovery
materials at a specific date that had no relationship to a trial date, which had not been set as of
the date discovery was ordered and before all of the requested evidence was available from
testing agencies. Third, Relator argues that four specific discovery requests that were granted
by the trial court exceed the limits authorized discovery under article 39.14 and therefore
constitute an abuse of discretion.

 It is the defendant's burden to show that he has "good cause" under article 39.14 before
"the trial judge is required 'to permit discovery if the evidence sought is material to the
defense of the accused." McBride v. State, 838 S.W.2d 248, 250 (Tex. Crim. App. 1992)
(quoting Quinones v. State, 592 S.W.2d 933, 941 (Tex. Crim. App. 1980) (emphasis in
original)); Oprean v. State, 201 S.W.3d 724, 728 (Tex. Crim. App. 2006). While we defer to
the trial judge's decision to deny a discovery request in the absence of a showing of good
cause, we have not held that a trial judge lacks authority to order discovery in the absence of
a showing of good cause. For that reason alone, this Court would not grant mandamus relief. 
But, in this case, we note that the trial judge was familiar with the open-file policy of the
District Attorney. The policy would require a defendant to agree to forego filing or requesting
a judicial ruling on any discovery motion in exchange for the District Attorney opening its case
file to the defendant. The trial judge was acting within her discretion to consider that policy
sufficient "good cause" in ordering discovery under article 39.14.

 In the context of the State's right to appeal pretrial rulings excluding evidence, we have
said that the trial court has the inherent authority to control its docket, free from interference
from the appellate courts. See State v. Roberts, 940 S.W.2d 655, 660 (Tex. Crim. App. 1996). 
Although we have overruled that portion of Roberts that barred the State from appealing a
pretrial ruling excluding evidence, we did not alter or overrule our holding that trial courts have
the inherent authority to manage their own dockets. See State v. Medrano, 67 S.W.3d 892
(Tex. Crim. App. 2002). It is thus within the trial court's sound discretion to set a specific date
for the State to produce evidence subject to a discovery order for the defendant to inspect and
copy. Because the control of the trial court's docket is left to the sound discretion of the trial
court, there can be no specific, definitive date, prior to trial, before which the trial court would
abuse its discretion to order the production of materials subject to a discovery order. We will
not address the State's argument that the trial court will (or might) suppress any evidence that
was not produced pursuant to the present discovery order because it did not yet exist or had not
been developed. Such speculation is not proper in a petition for writ of mandamus.

 A trial court has the authority to order discovery under article 39.14. Article 37.07 and
Rules 404 and 705(a) of the Texas Rules of Evidence also require the State to give notice,
upon request, before it may introduce certain evidence at trial. Further, the defendant has a
federal due process right to the disclosure of material exculpatory information as set out in
cases such as Brady v. Maryland, 373 U.S. 83 (1963), and United States v. Agurs, 427 U.S.
97 (1976). 

 The methodology of producing discovery materials is set out in article 39.14. The trial
court may not order the State to copy documents and provide those copies to a defendant, but
it may order the State to produce discoverable materials and allow the defendant to copy them
under the supervision of the State. Id. (the trial court may order the State "to produce and
permit the inspection and copying or photographing by or on behalf of the defendant" of
discoverable materials).

 The trial court does not have the authority under article 39.14 to order the State to
create a document that it does not already have. Article 39.14 deals with the production of
discovery materials, not their creation. (1) And article 39.14 explicitly exempts the State from
producing its work product materials for inspection under that statute. Id. (stating that the trial
court may order the production and inspection of designated materials "except written
statements of witnesses and except the work product of counsel in the case and their
investigators and their notes or report"). The trial court may, under the reciprocal discovery
provisions of article 39.14(b), order the State to disclose the names and addresses of its expert
witnesses, and, under Rules 702-705, it has the authority to order any party to disclose the
facts and data underlying its experts' opinion before they may express an opinion. 

 Applying these rules to respondent's discovery order, we find that the trial court granted
four requests which exceed, in whole or in part, the trial court's authority to order discovery
under article 39.14. Defendant's request A.2 sought

 A list of the names, addresses and professions of all expert witnesses the
prosecution intends to call at trial, along with each expert's qualifications, the
subject and a description of his or her contemplated testimony, and his or her
report.


This request exceeds, in part, the scope of article 39.14(b), which requires only the disclosure
of the names and addresses of persons that the party may call to testify under Rules 702-705,
and permits the court to order the disclosure of facts and data that underlie an expert's opinion
before that witness testifies to his opinion. 

 Defendant's requests B.3 and B.6 sought

 The substance of all oral confessions, admissions and statements made by
Defendant to the state in connection with this case, which were not
electronically recorded.


 All statements of a nature as would be arguably admissible as a "res gestae"
statement, spontaneous statement, or other utterance which the State intends to
introduce in its case in chief, either during the guilt/innocence stage, or during
he punishment stage.


According to Relator, documents containing these types of statements do not exist and would
require the State to create a document that is not already in its possession. Article 39.14 is
specifically limited to the discovery of pre-existing documents and tangible items that are in
the State's possession.

 Defendant's request F.6 sought

 The location from which each piece of physical evidence was found, the time it
was found, and the name of the person who found it.


This request is not targeted to the production of a tangible item that is in the State's
possession, and it is not within the scope of article 39.14. This request would also require the
State to create a document that does not currently exist.

 We conclude that Respondent has exceeded her authority under article 39.14 by
granting the defendant's requests A.2, B.3, B.6, and F.6 in their current form and requiring the
State to create documents that currently do not exist or are not within its possession.

 We assume that the Respondent will modify the present discovery order to conform
with the dictates of article 39.14. The writ of mandamus will issue only if she refuses to do
so.

 IT IS SO ORDERED THIS THE 20th DAY OF JUNE, 2007.


Do Not Publish


 
1. Other statutes or rules may, of course, require the State to create a written response to a
timely request for notice if it intends to offer certain evidence at trial.